IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLEN A. PERRY, JR.,

                      Plaintiff,

    v.

ANDREW SAUL,
Commissioner of Social Security,

                      Defendant.

OPINION AND ORDER

19-cv-14-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Glen A. Perry, who is proceeding pro se, seeks review of a final decision denying his claim for child's insurance benefits and supplemental security income under the Social Security Act. 42 U.S.C. § 405(g). The administrative law judge found that plaintiff has numerous severe impairments, but that he can still perform work in the national economy. Plaintiff contends that the administrative law judge erred by disregarding how plaintiff's numerous medical and mental impairments affect his daily activities. However, plaintiff has failed to identify any error in the administrative law judge's decision. Therefore, I am upholding the decision and dismissing this appeal.

The following facts are drawn from the administrative record (AR).

BACKGROUND

Plaintiff Glen A. Perry, Jr. was born in 1996, making him 18 at the time he filed for supplemental security income in August 2014. Plaintiff stated that he had been disabled

1

since January 2000 by mental retardation, fibromyalgia and migraine headaches. AR 589. In his functional report, which was completed by plaintiff's mother, plaintiff reported that his impairments caused him to have difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, talking, hearing, climbing stairs, seeing, remembering, completing tasks, concentrating, understanding, following instructions and using his hands. AR 603. His application was denied initially and on reconsideration, and plaintiff requested a hearing before an administrative law judge.

In March 2017, plaintiff and his mother appeared for a hearing before an administrative law judge. The administrative law judge concluded that plaintiff was not familiar with his records and was not prepared to represent himself, so the administrative law judge postponed the hearing so that plaintiff could obtain representation. AR 375-78. Plaintiff appeared for the rescheduled hearing on July 2017, again without representation. The administrative law judge explained that plaintiff had the right to representation, but plaintiff stated that he wanted to proceed on his own. AR 332-33. Plaintiff testified that he lives with his parents, AR 335; works about 25 hours a week making parts for auto machines, AR 336; and helps a little at home with laundry and cooking, AR 339. He testified that he has pain in his knee and back when sitting and standing, AR 340-41, and shoulder pain that hurts when reaching or grabbing, AR 342, but that he does not take prescription medication for his pain or headaches, AR 343. Plaintiff also testified that he graduated from high school on a special education track. AR 343.

Plaintiff's parents also testified. His mother stated that plaintiff is in constant pain and that he cannot dress, groom, eat or sleep without pain. AR 353. Plaintiff's father testified that plaintiff is in a lot of pain from his shoulder, knee and back, and that it is hard for plaintiff to eat, sleep, help around the house or work. AR 355-56. After the hearing, the administrative law judge issued a written decision concluding that plaintiff was not disabled. AR 297-309.

In his decision, the administrative law judge followed the five-step sequential evaluation of disability set out by the regulations. 20 C.F.R. § 416.920. At step one, the administrative law judge found that plaintiff had not engaged in substantial gainful activity since applying for disability. AR 300. (The record shows that plaintiff started working at a machine factory in 2014, and worked five hours a day, five days a week. That work did not qualify as substantial gainful activity because the work was part-time and plaintiff's earnings were below the necessary threshold.) At steps two and three, the administrative law judge found that plaintiff had a number of severe impairments, including a learning disability, fibromyalgia, left shoulder tendonitis, left knee meniscal tear, obesity, headaches, asthma, post-traumatic stress disorder, a depressive disorder and generalized anxiety disorder, but that none of those impairments met or equaled the severity criteria of a listed impairment. AR 300-01. At steps three and four, the administrative law judge found that plaintiff had the residual functional capacity to perform sedentary work, with the following additional limitations:

> frequently reach in all directions with his left arm; and is able to understand, carry out, remember and perform simple, routine and repetitive tasks;

>involving only simple work-related decisions with the ability to adapt only to routine work place changes.

AR 303. At steps four and five, the administrative law judge determined that plaintiff had no past relevant work, but that based on vocational expert testimony, plaintiff could perform a significant number of jobs in the national economy. AR 308-09. The administrative law judge identified the jobs of addresser, final assembler and document preparer. AR 309.

In November 2018, the appeals council denied plaintiff's request for review, AR 1-4, making the administrative law judge's decision the final decision of the commissioner. Plaintiff then filed this lawsuit under 42 U.S.C. § 405(g).

OPINION

In reviewing the administrative law judge's decision, the court's role is to determine whether the decision denying benefits is supported by "substantial evidence." 42 U.S.C. § 405(g); Indoranto v. Barnhart, 374 F.3d 470, 473 (7th Cir. 2004). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014) (citations omitted). "The administrative law judge must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." Id. See also Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005) ("[T]he ALJ must . . . explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review.").

Plaintiff's mother drafted a brief in support of plaintiff's appeal, but the brief does not identify clearly any specific error in the administrative law judge's decision or explain why

plaintiff believes that the administrative law judge's decision is unsupported by substantial evidence. Most of plaintiff's brief focuses on his mental and physical impairments, without addressing the administrative law judge's analysis of these impairments and plaintiff's subjective symptoms. Plaintiff's only specific reference to the administrative law judge's decision is the statement that the administrative law judge erred in finding that plaintiff had missed a medical appointment. However, it is not clear what plaintiff is referring to and, in any event, the administrative law judge did not rely on plaintiff's missing an appointment in finding that he was not disabled.

The administrative law judge provided a thorough discussion of plaintiff's medical treatment history and explained why he did not think plaintiff's medical and other records supported his subjective complaints. For example, the administrative law judge stated that although plaintiff reported that he was significantly impaired by a learning disability, plaintiff was able to graduate from high school and his intelligence quotient was in the average range. AR 304. The administrative law judge noted that plaintiff's post-traumatic stress and anxiety disorders limited him primarily when he was driving or in a car, though he was affected at other times as well. AR 300, 305. As for plaintiff's physical impairments, the administrative law judge noted that although plaintiff had fibromyalgia, shoulder tendonitis, knee problems, obesity, headaches and asthma, he was able to treat his pain with conservative measures, including over-the-counter medications and physical therapy. AR 304-05. The administrative law judge noted that records from plaintiff's physical examinations showed improvement with treatment and did not identify impairments that

would cause the level of pain and limitations that plaintiff and his mother described. AR 304-05. The administrative law judge also provided a thorough discussion of all of the medical opinions in the record and explained what weight he was giving to each opinion. AR 306-07. Plaintiff has identified no error in the administrative law judge's evaluation of the opinions.

Plaintiff is proceeding without counsel, so I read his submissions generously and I do not expect the formality that a lawyer's submissions would have. However, plaintiff has to present specific arguments showing that the administrative law judge's decision was unsupported by substantial evidence. He has failed to identify any reversible error in the administrative law judge's decision. Therefore, I will affirm the agency's decision denying his benefits and will dismiss this appeal. Eichstadt v. Astrue, 534 F.3d 663, 668 (7th Cir. 2008) ("The claimant bears the burden of producing medical evidence that supports her claims of disability."); Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001) ("[W]e must be able to discern cogent arguments in any appellate brief, even one from a pro se litigant."); McLachlan v. Astrue, 392 F. App'x 493, 494 (7th Cir. 2010) (dismissing pro se appeal because the brief did "not refer to facts in the record or contain an argument consisting of more than a generalized assertion of error").

ORDER

IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of Social Security, denying benefits to plaintiff Glen A. Perry is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 12th day of December, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge